JAMES OTIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4711.     Promulgated July 30, 1927.

1. The petitioner is entitled to deduct from gross income losses sustained in the operation of the farm herein.

2. The respondent did not err in taxing the entire income from the community to the petitioner.

*W. W. Spalding, Esq.*, for the petitioner.

*John W. Fisher, Esq.*, and *Frank S. Easby-Smith, Esq.*, for the respondent.

This proceeding is for the redetermination of deficiencies in income tax for the years 1920 and 1921 in the amounts of $10,756.93 and $2,233.55, respectively.

### FINDINGS OF FACT.

The petitioner was, during the years 1920 and 1921, a married man residing with his wife in the State of California. All of the income received by him in those years was derived from community property.

In or about May, 1918, the petitioner purchased a tract of land of about 610 acres located in Selano County, California, for $20,000, which consisted of " salt land " and was subject to overflows of water. Immediately after the petitioner acquired the tract of land he built a levee around it at a cost of about $12,000. The levee was completed in the year 1918 or 1919. The purpose of this surrounding levee was to protect the land from overflows of water, to cause the land to dry out, and to make it fit for farming. During the year 1919 the petitioner built a cross levee which divided the tract of land into approximately two equal parts. During the years 1918 and 1919 the petitioner built a barn on the land at a cost of about $1,500, and a small house containing two bedrooms and a kitchen. These buildings and a few out buildings were all of the buildings on the land during the years 1920 and 1921.

After the petitioner had caused the cross levee to be built he had drained one of the two tracts into which the original tract was divided, and in the fall of 1919 he had part of that tract plowed. In the years 1920 and 1921 that part of the land was again plowed and was sown in barley. However, no crop was made in 1920 and only a small crop in 1921, because of the heavy rains which flooded the land and also because of the fact that it takes several years of cultivation to bring reclaimed land of this sort to a state where it can be farmed profitably. The petitioner's farming operations in 1920 and 1921 were carried on only on the half of the original tract which had been drained. The other one-half of the tract was not drained or cultivated in those years but duck-shooting privileges on this part of the land were leased to two individuals for $500 in 1920 and $600 each in 1921, which amounts constituted the entire receipts from the land in those years. The duck-shooting season in the locality where the petitioner's land is located lasts from about October 1 to January 15, and is by custom limited to two days per week during that period. During the duck-shooting season the petitioner visited his farm about once or twice a week for the purpose of shooting ducks. All of his other visits to the farm were in connection with his farming operations. Because of the extreme heat and the presence of mosquitoes in the summer time, and the cold winters, the property was not suitable as a place of recreation or pleasure.

Since April, 1920, the petitioner has employed one H. C. Johnson, a practical farmer with many years' experience, to operate and man-

age his farm. Johnson lives on the farm and devotes most of his time to operating it. The land referred to herein is good land and is capable of being cultivated profitably. The petitioner acquired the land with a view to farming it for profit.

In his income-tax returns for 1920 and 1921, the petitioner included in gross income all receipts from the tract of land mentioned and he claimed the amounts of $10,208.53 and $14,034.14 as deductions in connection with the operation of that part of the tract of land which was cultivated. The deductions represented amounts expended for labor, seed, fuel and oil, taxes, insurance, provisions, repairs, and depreciation on farming tools and tractors. The respondent disallowed the deduction. The respondent also taxed to the petitioner for 1920 and 1921 the entire community income claimed for those years.

OPINION.

MARQUETTE: It is the contention of the petitioner that he purchased the tract of land in question with a view to farming it for profit and that he is entitled to deduct the operating expenses for the years 1920 and 1921 in computing his net income for those years. The respondent contends that the petitioner acquired the land for the purpose of using it as a duck-shooting preserve, and that afterwards he decided that if part of the land could be transformed into a farm it would be a more attractive place to go on his duck-shooting trips.

We can not agree with either the reasoning or conclusions of the respondent. If the petitioner purchased the tract of land as a duck-shooting preserve it is difficult to understand why he would, at a large expense, surround it with a levee designed to keep off the overflow of water and to cause it to dry out. One need not possess the erudition of an ornithologist or the experience of a nimrod to know that ducks, whether domesticated or *ferae naturae*, are aquatic birds and are more at home on water than on dry land, and the petitioner must have been aware that in surrounding his land with a levee he was doing that which was obviously calculated to lessen its usefulness as a duck-shooting preserve.

The evidence establishes to our satisfaction that other land in the vicinity of the petitioner's land had been reclaimed and brought to a state of agricultural usefulness, and that the petitioner, when he purchased the land in question, intended to and believed that he could reclaim it and make it profitable as a farm. He has testified to that effect and his actions in constructing buildings and levees, draining the land and plowing and cultivating it, are corroborative of his

expressed intentions.  Certainly these actions are not in harmony with the theory that he acquired the land as a duck-shooting preserve. Whether he used poor judgment in purchasing the land with a view to farming it is none of our concern.  It is sufficient that he acquired it for that purpose.  The deduction claimed should be allowed.

The action of the respondent in taxing to the petitioner for the years 1920 and 1921 the entire income from the community property for these years is proper and is approved.  *Appeal of D. Cerruti*, 4 B. T. A. 682.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by Phillips, Milliken, and Van Fossan.